Citation Nr: 1755093 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 13-13 271 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to service connection for hypertension.

2. Entitlement to service connection for an acquired psychiatric disability.

3. Entitlement to service connection for hepatitis C.

4. Entitlement to service connection for diabetes mellitus. 


WITNESSES AT HEARING ON APPEAL

The Veteran and his daughter


ATTORNEY FOR THE BOARD

T.L. Bernal, Associate Counsel


INTRODUCTION

The Veteran had active military service from June 1970 to December 1971.

This matter comes on appeal before the Board of Veterans' Appeals (Board) from a January 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi.

In his May 2013 substantive appeal, the Veteran requested both a local formal hearing and a hearing before a Veterans Law Judge by live videoconference. In April 2015 a formal hearing was held at the RO in Jackson, Mississippi. The transcript is in the record. While the Veteran had requested a Board hearing, that request was withdrawn in a November 2015 statement. Therefore, there is no bar to proceeding with a decision at this time.

The issues of entitlement to service connection for a psychiatric disability and hepatitis C are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. Hypertension is not etiologically related to the Veteran's active service, and was not present in service or to a compensable degree within one year of separation from service.

2. Prior to the promulgation of a decision in this appeal, the Veteran withdrew his claim of entitlement to service connection for diabetes mellitus on the record at his April 2015 RO hearing.





CONCLUSION OF LAW

1. The criteria for service connection for hypertension have not been met. 38 U.S.C. §§ 1101, 1110, 1112 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2017).

2. The criteria for withdrawal of the appeal of the issue of entitlement to service connection for diabetes mellitus have been met. 38 U.S.C. §§ 7105(a), 7108 (2012); 38 C.F.R. §§ 20.200, 20.202, 20.204(b)(c) (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Entitlement to Service Connection for Hypertension

At the outset, the Board acknowledges that a VA medical examination or medical opinion has not been obtained in response to the claim of entitlement to service connection for hypertension. VA is obliged to provide a VA examination or obtain a medical opinion when: (1) there is competent evidence that the Veteran has a current disability (or persistent or recurrent symptoms of a disability), (2) there is evidence establishing that the Veteran suffered an event, injury or disease in service or has a disease or symptoms of a disease within a specified presumptive period, (3) the evidence indicates that the current disability or symptoms may be associated with service or with another service-connected disability, and (4) there is not sufficient medical evidence to make a decision. 38 C.F.R. § 3.159 (c)(4) (2017); Charles v. Principi, 16 Vet. App. 370 (2002).

However, there is no competent evidence of record indicating that the Veteran's hypertension is related to his active service. Therefore, the Board finds that the medical evidence currently of record is sufficient to decide the claim of entitlement to service connection for hypertension and no VA examination or medical opinion is warranted.

The Veteran asserts that his hypertension is causally related to his active service. The Veteran has not provided any specifics regarding the causal relationship between his hypertension and his active service. 

Service treatment records (STRs) are silent for complaints of, treatment for, or blood pressure readings consistent with a diagnosis of hypertension while the Veteran was in active service. In December 1971, the Veteran was afforded a separation examination. At that time, his blood pressure was recorded at 134/70. The Veteran's heart and vascular system were both noted to be clinically normal upon examination and there is no indication from the examination report that the Veteran was found to have blood pressure readings consistent with a diagnosis of hypertension at any time during his active service.

Post-service medical evidence of record shows that the Veteran was diagnosed with hypertension in approximately 2003, nearly 30 years following his separation from active service. There is no indication from the treatment notes of record that the Veteran's diagnosed hypertension has been linked to his time in active service. 

Further, the Veteran is not competent to provide a medical opinion linking his current diagnosis of hypertension to his active service; as such opinion would require medical expertise and is outside the realm of common knowledge of a lay person. Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Additionally, as noted, the Veteran was not diagnosed with hypertension until approximately 2003. There is no indication from the record that he had hypertension to a compensable degree within one year of his separation from active service. Therefore, presumptive service connection is not applicable in this case. 

Accordingly, the Board finds that the preponderance of the evidence is against the claim and entitlement to service connection for hypertension is not warranted. 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


Entitlement to Service Connection for Diabetes Mellitus

The record shows that the Veteran filed a timely notice of disagreement with the denial of entitlement to service connection for diabetes mellitus in the January 2012 rating decision. In May 2013, the Veteran perfected an appeal of that issue. 

At his April 2015 RO hearing, the Veteran withdrew his claim of entitlement to service connection for diabetes mellitus. As the Veteran has withdrawn the substantive appeal of that issue, the Board does not have jurisdiction to decide the appeal. Therefore, the appeal of the issue of entitlement to service connection for diabetes mellitus must be dismissed. 38 C.F.R. § 20.204 (2017).


ORDER

Entitlement to service connection for hypertension is denied.

Entitlement to service connection for diabetes mellitus is dismissed.


REMAND

The Board finds that additional development is required before the Veteran's remaining claims on appeal are decided. 

With regard to the Veteran's claim of entitlement to service connection for a psychiatric disability, the Board notes that the Veteran was afforded a VA psychiatric examination in January 2016. At that time, the examiner diagnosed dysthymia and opined that it was less likely as not related to the Veteran's active service. In this regard, the examiner noted that there was no evidence indicating the etiology of the Veteran's depression in the record. 

The Board finds the January 2016 VA medical opinion to be inadequate. The examiner failed to provide a sufficient rationale for the conclusion reached. The purpose of a medical opinion is for a medical provider to provide their opinion regarding etiology. The fact that there was no evidence in the claims file indicating the etiology of the Veteran's depression is the reason the opinion was requested in the first place. Further, the examiner does not appear to have considered the Veteran's lay reports regarding the onset and continuity of his symptoms. 

As the January 2016 VA opinion is not adequate, it cannot serve as the basis of a denial of entitlement to service connection. Therefore, the Board finds that the Veteran should be afforded a VA examination to determine the nature and etiology of any currently present psychiatric disability. 

With regard to his claim of entitlement to service connection for hepatitis C, the Veteran has alleged that he contracted hepatitis C while he was in active service as a result of high risk sexual activity. A review of the record shows that the Veteran was diagnosed with a sexually transmitted disease (STD) on more than one occasion while he was in active service. The STD diagnoses lend some credibility to his report of engaging in high risk sexual activity (unprotected sex) while in active service. It has been recognized that one of the risk factors, among others, for contracting hepatitis C is high risk sexual activity. 

In light of the Veteran's reported high risk sexual activity while in active service and his current diagnosis of hepatitis C, the Board finds that the Veteran should be afforded a VA examination to determine the nature and etiology of his hepatitis C. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Additionally, current treatment records should be identified and obtained before a decision is made with regard to the remaining issues on appeal.

Accordingly, the case is REMANDED for the following action:

1. Identify and obtain any pertinent, outstanding VA and private treatment records and associate them with the claims file. 

2. Then, schedule the Veteran for a VA examination by an examiner with appropriate expertise to determine the nature and etiology of any currently present psychiatric disability. The claims file must be made available to, and reviewed by the examiner. All indicated tests and studies should be performed. 

Based on the examination of the Veteran and the review of the record, the examiner should first identify all currently present psychiatric disabilities. Then, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that any currently present psychiatric disability is related to the Veteran's active service. In forming the opinion, the examiner should consider the Veteran's lay statements regarding the onset of his symptoms. 

The rationale for all opinions expressed must be provided. 

3. Then, schedule the Veteran for a VA examination by an examiner with appropriate expertise to determine the nature and etiology of his hepatitis C. The claims file must be made available to, and reviewed by the examiner. All indicated tests and studies should be performed. 

Based on the examination of the Veteran and the review of the record, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that the Veteran's hepatitis C is etiologically related to his active service. In forming the opinion, the examiner should consider the Veteran's report of engaging in high risk sexual activity during his active service.

The rationale for all opinions expressed must be provided.

4. Confirm that the VA examination reports and all medical opinions provided comport with this remand and undertake any other development determined to be warranted. 

5. Then, readjudicate the remaining issues on appeal. If a decision remains adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
Kristin Haddock
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs